IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| MAURICE RONALD ARCHER, | CV 25-11-BU-DLC |
| Petitioner, | |
| vs. | ORDER |
| SUPREME COURT OF MONTANA, | |
| Respondent. | |

This case comes before the Court on Montana pro se Petitioner Maurice Ronald Archer's petition for writ of habeas corpus under 28 U.S.C. § 2254.  (Doc. 1.) Archer also seeks leave of the Court to proceed in forma pauperis ("IFP"). (Doc. 2.)  Although he has not supplied a copy of his inmate account statement, there is no reason to delay this matter further.  The IFP motion will be granted.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires courts to examine the petition before ordering the respondent to file an answer or any other pleading.  The petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id*.; see also, 28 U.S.C. § 1915A(B)(1),(2) (the court must dismiss a habeas petition

1

or portion thereof if the prisoner raises claims that are legally "frivolous or malicious" or fail to state a basis upon which habeas relief may be granted). As explained below, the Court is without jurisdiction to consider Archer's fourth petition for habeas relief related to his 2007 state convictions for Incest and Sexual Intercourse without Consent. The petition will be dismissed.

## I.    28 U.S.C. § 2254

The petition at hand is the fourth one Archer has filed in this Court. He filed his first challenge to his 2007 state convictions with this Court in 2009; the matter was dismissed with prejudice. *See, Archer v. Law, et al.*, CV 09-73-BU-SEH-RKS, Judg. (D. Mont. March 2, 2010). His second petition for habeas relief challenging the 2007 convictions was filed in 2015 and was also dismissed with prejudice. *Archer v. Berkebile*, CV 15-51-GF-BMM, Judg. (D. Mont. Sept. 1, 2015). Archer continued challenging his convictions in the state courts, which included filing a motion for a writ of error coram nobis. When that was denied, he sought habeas relief in this Court, via his third § 2254 petition aimed at challenging his state convictions. That matter, too, was dismissed with prejudice. *See, Archer v. Supreme Court of the State of Montana, et al.*, CV 22-83-BMM, Judg. (D. Mont. April 5, 2023.)

Archer again alleges that the Montana Supreme Court is failing to provide him a remedy to correct a purported fundamental error that occurred in his state

proceedings, by not recognizing the common law writ of error coram nobis. *See generally*, (Doc. 1.) This is a similar claim to that advanced in his prior habeas petition.

Archer's present petition must be dismissed. Archer's 2007 judgment of conviction represents the only state law criminal proceeding of which he seeks review. No matter how he has tried to appeal or modify the underlying sentence, the intent of his state court actions is to change the outcome of his criminal proceedings. That is the purpose of his habeas petition here. The Court lacks jurisdiction to consider, however, any further challenges to Archer's 2007 conviction unless and until the Ninth Circuit authorizes him to file a successive petition. *See, Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam). Absent such authorization, Archer may not proceed in this Court.

## II.  CERTIFICATE OF APPEALABILITY

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v.*

*Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  A certificate of appealability will be denied.

Based on the foregoing, the Court enters the following:

## ORDER

1.      Archer's Petition (Doc. 1) is DENIED and DISMISSED with prejudice as an unauthorized successive petition.

2.      The IFP motion (Doc. 2) is GRANTED.  The Clerk of Court is directed to waive payment of the filing fee.

3.      The Clerk of Court is directed, by separate document, to enter Judgment in favor of Respondent and against Petitioner.

4.      A certificate of appealability is DENIED.

DATED this 29th day of January, 2025.


*/s/ Dana L. Christensen*
Dana L. Christensen
United States District Court Judge